# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES CROTHERS** and **LINDA CROTHERS** | : : : | CIVIL ACTION NO. 2:16-cv-00261 |
| **Plaintiffs,** | : : : | JUDGE GEORGE C. SMITH |
| v. | : : : | MAG. JUDGE KIMBERLY A. JOLSON |
| **STATOIL USA ONSHORE PROPERTIES INC.,** | : : : | |
| **Defendant.** | : | |

## STATOIL'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' CLAIMS FOR (1) THE COST OF PROPERTY REPAIRS; (2) DIMINUTION IN PROPERTY VALUE; AND (3) ANY OTHER UNSPECIFIED PHYSICAL PROPERTY "DAMAGES"

Statoil USA Onshore Properties Inc. ("Statoil") moves this Court for an Order dismissing James and Linda Crothers's ("Plaintiffs") claims for property damages. Discovery has revealed that Plaintiffs do not own the property at issue in the lawsuit (50205 Sykes Ridge Road). Because it is undisputed that the Plaintiffs do not own the property, they lack standing to assert claims to recover the cost of property repairs, diminution in property value, and other unspecified physical "damages" to this property. Plaintiffs have the burden of establishing their standing to assert each of these claims, but the undisputed facts show that they cannot meet this burden. As such, Statoil is entitled to summary judgment on these claims, as a matter of law, and pursuant to Rule 56 of the Federal Rules of Civil Procedure.

8643198_1

*Respectfully submitted by:*

| | |
|---|---|
| Marion H. Little, Jr.   (0042679) | */s/ Brittany B. Salup* |
| Christopher J. Hogan (0079829) | Michael R. Phillips (*pro hac vice*) |
| Zeiger, Tigges & Little LLP | Brittany Buckley Salup (*pro hac vice*) |
| 3500 Huntington Center | Kean Miller llp |
| 41 South High Street | First Bank & Trust Tower |
| Columbus, Ohio  43215 | 909 Poydras Street, Suite 3600 |
| (614) 365-9900 | New Orleans, Louisiana 70112 |
| (Fax) (614) 365-7900 | mike.phillips@keanmiller.com |
| little@litohio.com | brittany.salup@keanmiller.com |

Attorneys for Defendant,
Statoil USA Onshore Properties Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 14th day of April 2017, she has filed a copy of the foregoing pleading with the Court's CM/ECF system, which will automatically provide notice to:

> Jeremy M. McGraw
> jmcgraw@bordaslaw.com
> Bordas & Bordas, PLLC
> 1358 National Road
> Wheeling, WV 26003
>
> Counsel for Plaintiffs
> James Crothers & Linda Crothers

*s/ Brittany B. Salup*
Brittany B. Salup (*pro hac vice*)

2

**MEMORANDUM IN SUPPORT**

Based on federal and Ohio law, Plaintiffs do not have standing to pursue claims for damages to property they do not own. It is undisputed that the plaintiffs, James and Linda Crothers, do not own the property at issue in this suit. It is further undisputed that Richard Crothers, who is not a party to the suit, owns the property. While the property owner would have standing to sue for (1) the cost of repairs, (2) diminution in value, or (3) other physical damages to the property allegedly caused by Statoil's activities, Plaintiffs lack standing to pursue someone else's legal rights. Statoil is entitled to summary judgment because there is no genuine issue of material fact, and because Plaintiffs cannot meet their burden of proving that they have standing to sue for these claims.

I.  **Factual & Procedural Background**

On March 18, 2016, James and Linda Crothers ("Plaintiffs") filed suit against Statoil USA Onshore Properties Inc. ("Statoil") in the Court of Common Pleas for Monroe County Ohio (*See* Doc. 1-1). Statoil timely removed the case to this Court pursuant to 28 U.S.C. § 1332 (*See* Doc. 1).

In Plaintiffs' Amended Complaint,[1] they allege that "Plaintiffs own and live at a home and related land" in Clarington (Monroe County), Ohio (Doc. 9, at p. 1, ¶ 3). It is undisputed that this property is located at the municipal address of 50205 Sykes Ridge Road, Clarington, Ohio 43915 (*See* Doc. 1-1, at p. 1, caption) ("subject property"); *see also* Exhibit 1, at p. 1, Response to Request for Admission No. 1). Plaintiffs generally allege that that Statoil's oil and

---

[1] After Statoil filed a motion for partial dismissal pursuant to Rule 12(b)(6), Plaintiffs voluntarily amended their Complaint, and the parties informed the Court that the amended Complaint had rendered moot Statoil's 12(b)(6) motion (*See* Doc. 7, 8, 13).

2

gas exploration and production activities at the Wefler Well Pad created a legal nuisance and caused damage to the subject property and the residence located on it. Specifically, Plaintiffs allege that Statoil "caused the foundation of the Plaintiffs' home to crack and otherwise caused damage to the Plaintiffs' home" (Doc. 9, p. 2, ¶ 10) and that "Plaintiffs have experienced physical damage to the structure of their home" (Doc. 9, p. 5, ¶ 26). Plaintiffs assert that "Statoil's actions . . . have caused the Plaintiffs to suffer a diminution in their property value" (Doc. 9, p. 5, ¶ 22) and allege that they "must be compensated in the amount necessary to repair the damages to their home and to compensate for . . . loss of use related to the damage to their property." (Doc. 9, p. 5, ¶ 28). Plaintiffs also generally allege they have been required to incur "substantial costs and expenses" and seek compensatory damages for property damages, among other things. (Doc. 9, p. 5, ¶ 28 and prayer for relief).

Based on these allegations, Statoil propounded discovery regarding Plaintiffs' alleged interest in the subject property. Plaintiffs provided the following verified responses:

> Interrogatory No. 10:
> Describe how you acquired any interest in the subject property.
>
> Answer: Plaintiff James Crothers began living on the land when Warren Wefler owned the land. After the land was auctioned to Bruner Land Company, the **Plaintiffs' father, Richard Crothers, bought 2 acres** for his son and the land will remain James Crothers' when Richard Crothers passes away.[2]

(Exh. 1, p. 8). Statoil also requested documents evidencing Plaintiffs' alleged interest in the property at issue. Plaintiffs responded as follows:

---

[2] Exh. 1 (pertinent portions of Plaintiffs' Responses to Statoil's First Set of Discovery Requests; irrelevant attachments omitted), at p. 8 (emphasis added).

3

>Request for Production No. 10:
>Produce documents that list, identify, or relate to any mortgages, liens, financing, and/or securing or security agreements involving the Subject Property and/or Crothers Residence.
>
>Response: The Plaintiffs do not believe any such documents exist with regard to the **purchase of the land by Richard Crothers**.[3]
>
> *    *    *
>
>Request for Production No. 13:
>Produce copies of any contracts, leases, bill(s) of sale, deeds, and/or all other documents that establish, relate, refer, or pertain to the nature and extent of your interest in the Subject Property.
>
>Response: The Plaintiffs are not currently in possession of any such documents.[4]

In response to other requests for production of documents regarding ownership interests and valuation of the Subject Property, Plaintiffs produced a General Warranty Deed to Richard S. Crothers, from Bruner Land Company, executed October 20, 2013,[5] as well as a Monroe County Property Record Card regarding the subject property.[6] Like the General Warranty Deed provided by Plaintiffs, the Monroe County Property Record Card identifies Richard S. Crothers as the "owner" of the property and dwelling located at 50205 Sykes Ridge Road.[7]

---

[3] Exh. 1, p. 12.

[4] Exh. 1, p. 13.

[5] Exh. 2.

[6] Exh. 3.

[7] *See* Exh. 2, 3.

In addition, Statoil retained an abstractor to conduct a review of the public records for Monroe County.[8]  She confirmed that no assignments, transfer documents, or leases have been recorded following Richard Crothers' purchase of the property from Bruner Land Company in 2013.[9]  She also obtained a certified copy of the General Warranty Deed to Richard S. Crothers, from Bruner Land Company, executed October 20, 2013.[10]

No responses or other materials produced by Plaintiffs reflect that either plaintiff, James Crothers or Linda Crothers, currently owns or ever has owned the subject property.  Based on both the public records and Plaintiffs' own discovery responses, it is undisputed that Plaintiffs do not own the property at issue in the suit.  It is further undisputed that Richard Crothers, who is not a plaintiff in the lawsuit, owns the property.

## II. Law & Argument

Statoil is entitled to summary judgment as a matter of law, because it is undisputed that Richard Crothers, who is not a plaintiff, owns the Subject Property.  Plaintiffs cannot establish that they hold, or have ever held, an ownership interest in the subject property.  For this reason, Plaintiffs cannot meet their burden of establishing that they have standing, or any basis in Ohio law, to recover for repairs to property, diminution in the value of property, or other unspecified damages to property they do not own.

### A. Summary Judgment Standard

---

[8] *See* Exh. 4 (Affidavit of Brooke Riddle).

[9] *See* Exh. 4, at p. 2, ¶ 5.

[10] *See* Exh. 4-A.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment should be granted if the nonmoving party, who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion [and] identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Id.* at 323. Then, the burden shifts to the non-moving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).

In responding to a summary judgment motion, the nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). The nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 257).

The requirement that a dispute of material fact be "genuine" means that there must be more than "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 486 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Anderson*, 477 U.S. at

6

248. Consequently, the central issue for the district court is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Hamad v. Woodcrest Condo Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### B. Plaintiffs cannot sue for damages to property they do not own.

Plaintiffs have the burden of establishing their standing to sue for each claim, and Plaintiffs cannot establish they have standing to sue for damage to property they do not own.

Federal courts must evaluate standing on a claim-by-claim basis.  *Rosen v. Tenn. Comm'r of Finance and Admin.*, 288 F.3d 918, 928 (6th Cir. 2002) ("It is black-letter law that standing is a claim-by-claim issue.").  In a diversity case, the question of who may bring suit is a question answered by state substantive law.  *Aarti Hospitality, LLC v. City of Grove City, Ohio*, 350 Fed. Appx. 1, 6 (6th Cir. 2009).  However, this does not mean that standing in federal courts is purely an issue of state law in a diversity case; rather, "the role of state law is to identify, within federal constitutional limits, the persons who have legally protected interests and what those interests are."  *Id.* (quoting *In re Asbestos Litigation*, 90 F.3d 963, 1022 n.92 (5th Cir. 1996) (Smith, J., dissenting) (vacated and remanded on other grounds)).  Thus, "[w]hen jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action."  *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009).

Federal standing jurisprudence has two components:  Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and prudential standing, which embodies

7

"judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). To establish Article III standing, a plaintiff must prove that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). "Injury in fact" requires the plaintiff to "show that he personally has suffered some actual or threatened injury . . . ." to his legally protected interest(s). *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 102 S.Ct. 752, 70 L.Ed.2d 7000 (1982).

Prudential standing requirements include "[a] general prohibition on a litigant's raising another person's legal rights." *Allen*, 468 U.S. at 751. That is, to have standing, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights of or interest of third parties." *Valley Forge Christian College*, at 474 (quoting *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Courts do not decide cases based on the rights of third parties because "it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not," and "third parties themselves will usually be the best proponents of their own rights." *Singleton v. Wulff*, 428 U.S. 106, 113-14, 96 S.Ct. 2868, 2873-74, 49 L.Ed.2d 826 (1976).

Similarly, under Ohio law, "[t]he question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented." *Cuyahoha County Bd. of Comm'rs v. State*, 858 N.E.2d 330, 333 (Ohio 2006). "Where the party does not rely on a specific statute authorizing invocation of the judicial process, the question of standing depends on whether the

party has alleged . . . a personal stake in the outcome of the controversy." *Cleveland v. Shaker Heights*, 507 N.E.2d 323, 325 (Ohio 1987) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 731-32, 92 S.Ct. 1361, 31 L.Ed. 2d 636 (1972)). Ohio law on standing is nearly identical to the federal standing jurisprudence. "Ohio courts often look to federal law when discussing the requirements for standing under Ohio law," *Leppla v. Sprintcom, Inc.*, 806 N.E.2d 1019, 1028 (Ohio App. 2d 2004), and "the Ohio Supreme Court follows federal decisions on standing." *State v. Davis*, 1997 WL 797722, at *4 (Ohio App 2d Dec. 31, 1997); *see also Moore v. Middletown*, 975 N.E.2d 977, 982 (discussing standing and citing *Lujan* and *Warth*). As with federal courts, Ohio courts have specifically recognized that a plaintiff must assert his own legal rights and cannot rest his claim on the legal rights or interest of third parties. *See Kachovec v. City of Akron*, No. 9948, 1981 WL 3982, at *3 (Ohio App. 9th May 20, 1981) (noting that *Warth v. Seldin*, *supra*, also applies in Ohio courts).

Here, James and Linda Crothers lack standing to sue Statoil for the cost of repairs, alleged diminution of value, or any other physical damages allegedly caused to property they do not own. Under both federal and Ohio jurisprudence, Plaintiffs cannot establish any "injury in fact" for these claims, nor can they meet prudential standing requirements. Stated simply, Plaintiffs cannot show any injury to *their* property with respect to these three claims.

Non-owner litigants, such as Plaintiffs in this case, lack standing to sue for damages that occur when someone else owns the property. For example, in *Ogle v. Columbia Gas Trans., LLC*, No. 2:10-cv-1059, 2013 WL 4047114 (S.D. Ohio Aug. 9, 2013), another division of this Court recognized that the plaintiffs lacked standing to pursue certain property damage claims because the plaintiffs did not own the property at the time of the damage-causing events. In

9

*Ogle*, two individual plaintiffs ("the Ogles") sued for property damage allegedly caused by the expansion of natural gas facilities onto their property. *Id.* at *1. During the suit, it became apparent that the Ogles had transferred the property at issue to an LLC, which was not a plaintiff in the case. *Id.* The court dismissed the Ogles' claims for property damage that occurred after the date they transferred the property to the LLC and explained that the Ogles lacked standing to assert claims that materialized when they did not own the property. *Id.* at *2.

The facts of *Ogle* are nearly identical to the situation here, and the same result is appropriate. It is undisputed that James and Linda Crothers did not own the property at the time the alleged property damage occurred.[11] As such, their property damage claims should be dismissed, because, as non-owners, they lack standing to pursue those claims. *See id.*

In addition, Ohio law recognizes that a plaintiff cannot recover for interferences with property rights where he cannot establish any actual legal rights in the property at issue. *See Gevelaar v. Millennium Inorganic Chemicals*, No. 2012-0013, 2013 WL 501745, at *5 (Ohio App. 11th Feb. 8, 2013). This principle is so fundamental that Ohio courts routinely recognize the "owner" as the party who may recover damages for tort-related property damages. *See, e.g.*, *Jackson v. National Gas & Oil Co.*, 467 N.E.2d 533, 536 (Ohio 1984) (Brown, J., dissenting) ("The owner of real property may recover as damages the reasonable cost of repair to property made necessary by wrongful acts . . ."); *Adcock v. Rollins Prot. Servs. Co.*, 440 N.E.2d 548, 549 (Ohio App. 1st 1980) ("owner" entitled to be compensated for tort-related damages to building); *Wooster Feed Mfg. Co. v. Village of Tallmadge*, 81 N.E.2d 811, 812 (Ohio App. 9th 1948) ("owner" of property damaged by tort is entitled to reasonable compensation).

---

[11] It is also undisputed that Plaintiffs do not own the property now and have not owned the property at any time.

Under Ohio law, diminution in value relates to the claims of, and, in certain circumstances, constitutes the measure of damages available to, the property owner. The Ohio Supreme Court has explained that diminution of value goes to the reasonableness of the cost of restoring damages for temporary injury to property. *Martin v. Design Constr. Servs.*, 902 N.E.2d 10, 15 (¶24) (Ohio 2009). Either party may offer evidence of diminution in value (or lack thereof) to show that the cost of repairs is either reasonable or unreasonable when compared against any change in property value caused by the alleged tort. *See id.* at ¶¶ 24-25. In addition, if restoration is "impracticable," the measure of damages available to the property owner is the difference between the reasonable value immediately before the damage and the reasonable value immediately after the damage (*i.e.*, diminution in value). *Id.* at 14 (¶20).

Here, however, it is undisputed that Plaintiffs do not own the property at issue. As explained above, Ohio and federal law do not allow Plaintiffs to sue for *any* damages to property they do not own. Regardless of which measure of damages applies to the claims alleged here, Plaintiffs are not proper parties to pursue these damages. For these reasons, Plaintiffs cannot establish any "injury in fact" to *their* legally protected interests, *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, nor can they withstand prudential standing scrutiny. *See Allen*, 468 U.S. at 751; *Valley Forge Christian College*, at 474. These failures are significant, because standing is an "indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The plaintiff bears the burden of supporting each element of standing in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation. *Id.* In response to a summary judgment motion, a plaintiff can no longer rest on

allegations but must set forth specific evidence to establish each element of his standing to sue as to each claim.  *See id.*; *Rosen*, 288 F.3d at 928.

Where, as here, it is undisputed that Plaintiffs do not own the subject property and cannot show any damage occurred to *their* property, they cannot establish an essential element of their property damage claims – standing.

### III.   Conclusion

At this stage of the litigation, Plaintiffs' claims for costs of repairs, diminution in property value, and other unspecified "damages" to the subject property must be dismissed because Plaintiffs do not own the property.  It is undisputed that Plaintiffs do not own the property, and, therefore, Plaintiffs cannot carry their burden of establishing their standing to sue for these claims.  There is no genuine issue of material fact, and Statoil is entitled to summary judgment, as a matter of law, on Plaintiffs' claims for the costs of repairs, diminution in property value, and other unspecified physical "damages" to the subject property.

*Respectfully submitted by:*

| | |
|---|---|
| Marion H. Little, Jr.   (0042679) | |
| Christopher J. Hogan (0079829) | |
| ZEIGER, TIGGES & LITTLE LLP | */s/ Brittany B. Salup* |
| 3500 Huntington Center | Michael R. Phillips (*pro hac vice*) |
| 41 South High Street | Brittany Buckley Salup (*pro hac vice*) |
| Columbus, Ohio  43215 | KEAN MILLER LLP |
| (614) 365-9900 | First Bank & Trust Tower |
| (Fax) (614) 365-7900 | 909 Poydras Street, Suite 3600 |
| little@litohio.com | New Orleans, Louisiana 70112 |
| | mike.phillips@keanmiller.com |
| Attorneys for Defendant, | brittany.salup@keanmiller.com |
| Statoil USA Onshore Properties Inc. | |

12

8643198_1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 14th day of April 2017, she has filed a copy of the foregoing pleading with the Court's CM/ECF system, which will automatically provide notice to:

>Jeremy M. McGraw
>jmcgraw@bordaslaw.com
>Bordas & Bordas, PLLC
>1358 National Road
>Wheeling, WV 26003
>
>Counsel for Plaintiffs
>James Crothers & Linda Crothers

*s/ Brittany B. Salup*
Brittany B. Salup (*pro hac vice*)
