UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES CROTHERS, *et al.*,

    Plaintiffs,

-v-

Case No.: 2:16-cv-261
JUDGE GEORGE C. SMITH
Magistrate Judge Jolson

STATOIL USA ONSHORE
PROPERTIES, INC.,

    Defendant.


## OPINION AND ORDER

    Plaintiffs James and Linda Crothers bring this nuisance claim against Defendant Statoil USA Onshore Properties, Inc. for damages they allegedly suffered as a result of Defendant's operation of an oil and gas well near their home. Defendants originally moved for partial summary judgment arguing that Plaintiffs lack standing to assert claims to recover the cost of property repairs, diminution in property value, and other unspecified physical damages to the property because Plaintiffs are not the owners of the property. (Doc. 26). Plaintiffs conceded that they "are not the owners of the land" and " do not dispute that they would be precluded from recovering damages for those issues." (Doc. 31, Pls.' Resp. at 1).

    This matter is now before the Court on Defendant's Motion for Summary Judgment as to Plaintiff's nuisance claim (Doc. 30). The Motion is fully briefed and ripe for review. For the reasons that follow, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

Plaintiffs James and Linda Crothers are a married couple who reside at 50205 Sykes Ridge Road, Clarington, Monroe County, Ohio. (Doc. 9, Compl. ¶ 1). Defendant Statoil is a corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Ohio. (*Id.* ¶ 2).

Mr. and Mrs. Crothers occupied the house and land in question since 2004 and 2006, respectively. When they initially occupied the home, the property was owned by Warren Wefler. The property was eventually auctioned and purchased by Bruner Land Company who then sold two acres and the home to Richard Crothers, the father of Plaintiff James Crothers, on October 20, 2013. Following that General Warranty Deed, there have been no assignments, transfer documents, or leases recorded with the Monroe County Recorder regarding this property. (Doc. 30, Def.'s Mot. at 5; Doc. 30–4, Riddle Aff. ¶ 5–6). Plaintiffs continue to occupy the property and represent that the property will pass to them upon the death of Richard Crothers. (Doc. 26-1, Pls.' Interrogatories at 8).

Plaintiffs have alleged that Defendant's "Wefler Well Site" is 425 feet away from their home and 200 feet away from their barn, in violation of an agreement Defendant made with the prior owner, Warren Wefler, that no well pads would be constructed within 500 feet of any structures or dwellings on the property. (Doc. 31, Pls.' Resp. at 1). Plaintiffs alleged that Defendant's activities including preparation work, hauling heavy equipment, drilling rig construction, drilling operations, and hydraulic fracturing have caused fumes, odors, dust, noise and bright lights on Plaintiffs' home during all hours of the day and night. (Doc. 9, Compl. ¶¶ 9–16). As a result of Defendant's actions, Plaintiffs contend that they are unable to enjoy their home and property. (*Id.*).

2

Plaintiffs allege that Defendant breached its duties of care in one or more of the following respects:

a. Failing to use distance and site planning near residential areas as a means to avoid noise impacts on a residential area;

b. Failing to direct noise-generating equipment away from those individuals living in a closely located residential area;

c. Failing to use proper scheduling so as to conduct significant noise and/or light generating operations at regular and/or expected times during daylight hours;

d. Failing to place tanks, trailers, topsoil stockpiles and/or hay bales between noise sources and those individuals living in a closely located residential area;

e. Failing to use appropriate and necessary noise reduction equipment including, but not limited to noise mufflers, exhaust manifolds or other high grade baffling;

f. Failing to orient high-pressure discharge pipes away from individuals living in a closely located residential area;

g. Failing to use sufficient and appropriate noise walls and/or noise barriers which would adequately protect those individuals living in a closely located residential area;

h. Failing to prevent or limit overnight work activities so as to limit the amount of light and noise emitted from a well site when said site is located in close proximity to a residential area;

i. Failing to prevent fumes, dust, noise and lights to be present on Plaintiffs' property during all hours of the day and night;

j. Failing to prevent the continuous and constant smell of fumes and odors on Plaintiffs' property;

k. Failing to prevent air pollution, dust, dirt and debris from traveling onto Plaintiffs' property;

l. Failing to prevent bright lights from entering into Plaintiffs' home throughout the day and night;

m. Failing to prevent excessive noise pollution on Plaintiffs' property; and

n. Failing to exercise due care generally in the construction and operation of the Wefler Well Site.

(Doc. 9, Compl. ¶ 21).

Plaintiffs were originally seeking compensatory and punitive damages for diminution in their property value; physical damage to their home; and the annoyance, inconvenience, emotional and mental anguish, stress and anxiety resulting from the unreasonable, negligent and/or reckless behavior of Defendant. As discussed above, Plaintiffs now concede that because they are not the legal owners of the property in question, they cannot pursue certain types of damages against Defendant. However, Plaintiffs maintain that they have the right to pursue a nuisance claim against Defendant. Therefore, the Court will address this claim.

## II. STANDARD OF REVIEW

Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id*. at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden

4

is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury"). In considering the factual allegations and evidence presented in a motion for summary judgment, the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Id*.

### III. DISCUSSION

Plaintiffs have conceded that they cannot recover on all but one of the claims brought in this case, but still maintain that they have sufficiently established a nuisance claim. Defendant is entitled to summary judgment on the other claims and the Court will consider Defendant Statoil's Motion for Summary Judgment on Plaintiff's remaining nuisance claim. Defendant asserts that Plaintiffs cannot pursue a nuisance claim because they do not own or rent the property at issue. Plaintiffs concede that they do not legally own the property, but assert that they "have more than enough legal interest as long term occupants of the subject residence to pursue their nuisance claims." (Doc. 31, Pls.' Resp. at 3). Plaintiffs argue that whether a person is an owner or occupant determines what type of damages are available under a nuisance claim, but does not bar their claim.

**A.  Applicable Nuisance Law**

Nuisance is a distinct tort, consisting of anything wrongfully done or permitted that unreasonably interferes with another in the enjoyment of his property. *Taylor v. Cincinnati*, 143 Ohio St. 426, 436, 55 N.E.2d 724 (1944). "It comprehends not only the wrongful invasion of the use and enjoyment of property, but also the wrongful invasion of personal legal rights and privileges generally." *Id.* at 432. To maintain an action for nuisance, there must be a real, material, and substantial injury. *Eller v. Koehler*, 68 Ohio St. 51, 55, 67 N.E. 89 (1903). "Damages for nuisance

may include diminution in the value of the property, costs of repairs, loss of use of the property, and compensation for annoyance, discomfort, and inconvenience." *Banford v. Aldrich Chem. Co., Inc.*, 126 Ohio St.3d 210, 2010-Ohio-2470, 932 N.E.2d 313, ¶ 17.

Nuisance claims are classified as absolute nuisances or qualified nuisances. *State ex rel. R.T.G., Inc. v. State*, 98 Ohio St.3d 1, 2002-Ohio-6716, 780 N.E.2d 998, ¶ 59. "An absolute nuisance, or nuisance per se, consists of [1.] [an] intentional act resulting in harm, [2.] an act involving *** unlawful conduct causing unintentional harm, or [3.] a nonculpable act resulting in accidental harm, for which, because of the hazards involved, absolute liability attaches notwithstanding the absence of fault." *Metzger v. Pa., Ohio & Detroit RR. Co.*, 146 Ohio St. 406, 66 N.E.2d 203 (1946). In contrast, "[a] qualified nuisance, or nuisance dependent on negligence, consists of an act lawfully but so negligently *** done as to create [an] unreasonable risk of harm, which in due course results in injury to another." *Id*; *see also Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 15 n. 4.

An absolute or qualified nuisance can be pursued as a public or private nuisance. *Brown v. Scioto Cnty. Comm'rs*, 87 Ohio App.3d 704, 712, 622 N.E.2d 1153 (4th Dist. 1993). Public nuisance refers to the invasion of public rights, whereas private nuisance covers the invasion of the private interest in land. Restatement of the Law 2d, Torts (1979) 84, Chapter 40, Introductory Note. Plaintiffs' nuisance claim involves private land. Restatement of the Law 2d, Torts (1979) 100, Section 821D, defines private nuisance as a nontrespassory invasion of another's interest in the private use and enjoyment of his land. Section 822 of the Restatement further provides that in order for a party to recover for private nuisance, the party must show that the invasion of the party's interest is either (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous

6

conditions or activities. Restatement of Torts 2d, supra, at 108.

In *Brown*, *supra*, the court set forth the requirements of maintaining a qualified private nuisance, as follows: "A civil action based upon the maintenance of a qualified private nuisance is essentially an action in tort for the negligent maintenance of a condition, which, of itself, creates an unreasonable risk of harm, ultimately resulting in injury." 87 Ohio App. 3d at 715 (citing *Allen Freight Lines, Inc. v. Consol. Rail Corp.*, 64 Ohio St.3d 274, 275, 595 N.E.2d 855 (1992)). Accordingly, negligence must be alleged and proven to warrant a recovery. *Id.* at 715.

The elements of negligence are a duty, breach of duty, and injury resulting proximately therefrom. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981). The amount of care required of a person to establish whether he has discharged his duty to another is referred to as the degree of care or the standard of conduct which an ordinarily careful and prudent person would exercise or observe under the same or similar circumstances. *Id.* For liability to attach, a defendant's failure to conform to this standard of care must be the actual and proximate cause of plaintiff's injuries. *Id.* at 286–87.

**B.     Plaintiffs' Nuisance Claim**

Defendant argues that only those who have an ownership or leasehold interest in the property affected can bring a claim for private nuisance because a nuisance is anything that interferes with another in the enjoyment "of his property." (Doc. 32, Def.'s Reply at 2 (citing *Natale v. Everflow E., Inc.*, 195 Ohio App.3d 270, 2011-Ohio-4304, 959 N.E.2d 602, ¶ 20 (11th Dist)). Defendant argues that *Gevelaar v. Millennium Inorganic Chems.*, 11th Dist. Ashtabula No. 2012-A-0013, 2013-Ohio-435, is factually indistinguishable from this case. In *Gevelaar*, the son of the property owner lived rent-free on the property in question and was barred from pursuing a nuisance action for alleged damage to property he did not own or rent. The *Gevelaar* court stated "[i]t is well-settled

that a private nuisance involves anything that unreasonably interferes with another in the enjoyment of *his property*. (Emphasis added)." *Id.* ¶ 31. The *Gevelaar* court reasoned that Gevelaar had no ownership or leasehold interest in the property, and thus no legal rights to the property as the property was owned by his father and he lived their rent free. *Id.*

Plaintiffs argue that Defendant's reliance on *Gevelaar* is misplaced because *Gevelaar's* entire analysis on the issue of standing was very brief and failed to discuss the analysis of Ohio nuisance law in the *Natale* case. Plaintiffs suggest that pursuant to the discussion in *Natale*, occupants may pursue a claim for nuisance although the issue of occupancy was not addressed in that case. Specifically, Plaintiffs state that simply because they do not pay rent, "does not mean, however, as occupants of the land that they do not have an interest, right or privilege to use, reside on and enjoy the land." (Doc. 31, Pls' Resp. at 5).

Plaintiffs rely on *Frey v. Queen*, 79 Ohio App. 64, 66 N.E.2d 252 (2d Dist. 1946) and *Reeser v. Weaver Bros.*, 78 Ohio App. 3d 681, 605 N.E.2d 127 (2d Dist. 1992) in support of their position that a plaintiff bringing a nuisance claim must only be an occupant of the property in question. Plaintiffs assert that "to pursue claims for general damages such as annoyance and inconvenience, the person at issue must be an occupant of the property. Owners of property are further/alternatively entitled to recover special damages related to the value of the land and/or any costs of repair." (Doc. 31, Pls.' Resp. at 3).

In *Frey*, the issue of "owner versus occupant" was not in dispute, but the court did make reference to occupation of a home as opposed to ownership. 79 Ohio App. 64 (1946) ("In a note to [142 A.L.R., 1316], it is said: "The authorities strongly preponderate in support of the doctrine that *an occupant of real estate (whether owner or not)* may recover damages for personal discomfort, annoyance, etc., resulting to him from a nuisance, in addition to, or separate from, damages suffered

8

in respect of the market value of the premises, or injuries to or destruction of buildings, crops, etc., thereon.") (emphasis added).

In *Reeser*, the court examined the definitions of the term occupant and found an occupant to be someone in possession of a premises. 78 Ohio App. 3d at 693. Citing to *Frey*, the court stated: "[i]n order to recover damages for annoyance and discomfort, the party alleging the injury must be an 'occupant' of the property." *Id.* at 692. The *Reeser* court further discussed that the damages available to a plaintiff occupant versus owner differ, thereby suggesting both an owner and occupant have the right to bring a private nuisance claim.

In considering the case at bar, the Court is concerned with the nuisance allegations raised by Plaintiffs, including the interference with their daily use of the property because of the loud noises, vibrations, dust, and light pollution by Defendant. Dismissal of this case because Plaintiffs merely occupy the property in question, but do not actually own it, leaves them with no avenue for recourse. However, *Natale*, *Frey* and *Reeser* suggest that an occupant of a property has a right to bring a nuisance claim. The Court agrees. Further, general landlord–tenant law provides additional guidance on this issue. The tenant act, specifically Ohio Revised Code section 5321.01(D) states that a "rental agreement" is "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." Plaintiffs have not provided any documents to establish an agreement between them and Mr. Crothers, however, they have stated in discovery that they have an oral agreement to occupy the property and that the property will pass to them upon Richard Crothers' death. (Doc. 26-1, Pls.' Interrogatories at 8). Therefore, Plaintiffs' statements regarding their oral agreement to occupy the property are sufficient evidence to create a genuine issue of material fact as to their right to occupy the property, and ultimately to maintain a nuisance claim.

## IV. CONCLUSION

Based on the aforementioned reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Statoil's Motion for Summary Judgment. Defendant is entitled to summary judgment on all of Plaintiff's claims except for their nuisance claim.

The Clerk shall remove Documents 26 and 30 from the Court's pending motions list.

**IT IS SO ORDERED.**

   */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICT COURT**